### Stearns & a. *v.* Deerfield and Epsom.

At the April term, 1868, a petition for a highway was referred in the county of R. to a joint board of commissioners for the counties of R. and M., who had a hearing and made a report to the court in both of said counties at the October terms, 1868. The case was never entered in the county of M., and no action was ever had in relation to it until the April term, 1871, when the petitioners moved for leave to enter the case on the docket, and for judgment on the report. No sufficient excuse for the delay being shown, the motion was denied.

Petition for a highway. At the April term, 1868, the petition was referred, in Rockingham county, to a joint board of commissioners for the counties of Rockingham and Merrimack, who had a hearing and made a report, which they made returnable to the court at Rockingham county, October term, 1868, and to the court in Merrimack county, October term, 1868. It did not appear that the petition was ever entered in Merrimack county. The commission to the joint board was issued by the clerk of Rockingham county. A copy of said report was returned to each of said courts, at the return terms thereof. But the case was never entered in Merrimack county, and no action was ever had in relation to it until the April term, 1871, when the counsel for the petitioners *moved* for leave to enter said case on the docket, and also for judgment on said report, establishing said highway as laid by said commissioners in their report; to which motions the town of Epsom objected, and filed eleven specific exceptions thereto in writing, among which was the following : " The report was made to the court at the October term, 1868, and the failure to enter the case at that term and since was not occasioned by any accident, mistake, or misfortune, but solely by the neglect of the petitioners. It is now too late to make said entry, the town of Epsom objecting thereto."

The case was reserved.

*Eastman, Page & Albin*, for the plaintiffs.

*Minot, Tappan & Mugridge* and *Butler*, for the defendants.

Ladd, J. We are all clearly of opinion that the motion of the petitioners must be denied.

The report was returned to the court in Merrimack county, at the October term, 1868, and no movement was made for judgment until the April term, 1871, two years and a half afterwards. During all that time the cause was not entered upon the docket, and there was nothing to show the various parties, who might have an interest adverse to that of the petitioners, that any further action in the matter was intended.

No reason for this very great delay appears in the printed case, and

no sufficient excuse is suggested by counsel in argument. It is said, indeed, that the delay has been occasioned by the report having been mislaid in the clerk's office. We think, however, that is not sufficient. If the copy returned to the court in Merrimack county was lost, or so badly mislaid that it could not be found upon diligent search at the first term, when it should have been entered, leave would doubtless have been granted, upon application and proof of the fact, to file a new one ; or a copy taken from that filed in Rockingham county might have been substituted.

Towns and land-owners, whose interests are affected by the laying out of a highway, may reasonably expect that some action will be taken directly upon the coming in of the report of the commissioners, at the same term. It would be an intolerable hardship to compel them to watch the courts term after term, and year after year, to see when it may suit the convenience, the interest, or the caprice of the petitioners to move for judgment.

It is suggested that notice may be given, to all parties interested or to be affected, of the motion now made, so that they can come in and look after their rights, and that thus no wrong will be done by allowing the motion. It is quite possible that this may be true in the present case ; but we think a precedent giving countenance to a practice so loose and dilatory, and one so plainly liable to work wrong and hardship in other cases, ought not to be established. As we are agreed that the motion must be denied for this reason, it is unnecessary to consider the various objections to the petition and report. It may be suggested, however, that some of those objections seem to be of quite a serious character.                                   *Motion denied.*